**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 25-80298-CIV-CANNON**

**JOHNNY HORNE** and **MARLENE HORNE**,

      Plaintiffs,

v.

**UNLOCK TECHNOLOGIES** and
**GO MORTGAGE LLC,**

      Defendants.

_____/

**ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION AND DENYING
WITHOUT PREJUDICE MOTION TO PROCEED _IN FORMA PAUPERIS_**

**THIS CAUSE** comes before the Court upon a sua sponte review of the record.  "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."  *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted).  It is the Court's responsibility to "zealously ensure that jurisdiction exists over a case."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint."  *Cmty. State Bank v. Strong,* 651 F.3d 1241, 1251 (11th Cir. 2011) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, (1908)).  "A federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial

and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield v. Sanders*, 138 F.3d 1347, 1351–52 (11th Cir. 1998).

In this case, although Plaintiffs claim that "this Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1441 (Removal Jurisdiction) as this matter involves federal law governing secured transactions and financial instruments, including IRS Forms 10999-A and 1099-B," they are incorrect [ECF No. 1 p. 1]. This case was not removed from state court, eliminating the possibility removal jurisdiction. And even if it had been removed, there still would need to be an independent basis to support the exercise of federal subject matter jurisdiction—which there is not. *See* 28 U.S.C. § 1441 (requiring a removed civil action to have an independent basis for federal subject matter jurisdiction). Plaintiffs' "Verified Complaint for Quiet Title and Removal of Fraudulent Liens" raises purely state-law claims that do not "arise under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. *See* ECF No. 1. Nor do the various IRS Forms attached to Plaintiffs' Complaint convert the state property claims into federal causes of action [ECF No. 1-1]. Accordingly, without any basis to assert federal subject matter jurisdiction, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Plaintiffs are permitted to file an amended complaint, but any such amended pleading must be filed no later than **March 28**, **2025**, and must clearly set forth the grounds for the court's jurisdiction and otherwise comply with the Federal Rules of Civil Procedure and the Eleventh Circuit's rules against shotgun pleadings. *See* Fed. R. Civ. P. 8; *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) (identifying four types of shotgun pleadings).

CASE NO. 25-80298-CIV-CANNON

3. Failure to file an amended complaint that complies with this Order may result in dismissal of the action without further notice.

4. Plaintiffs Motion to Proceed *In Forma Pauperis* is **DENIED WITHOUT PREJUDICE** [ECF No. 3].   Any future motion to proceed *in forma pauperis* must be filled out and submitted using the Long Form Application to Proceed in District Court Without Prepaying Fees or Costs, available at https://www.uscourts.gov/sites/default/files/ao239_1.pdf.

5. **The Clerk shall MAIL a copy of this order to Plaintiffs at the addresses listed below and file a Notice of Compliance confirming same.**

ORDERED in Chambers at Fort Pierce, Florida, this 4th day of March 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   Johnny Horne
11386 61st N.
West Palm Beach, Florida 33412

Marlene Horne
11386 61st N.
West Palm Beach, Florida 33412

3